JS - 6
"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DICKINSON,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, ENCOMPASS INSURANCE COMPANY, ERIC JENTGEN AND DOES 1-50,<br><br>Defendants. | CASE NO. SACV 09-1374 AG (ANx)<br><br>**ORDER GRANTING MOTION TO REMAND** |

This case involves an employment dispute. It was originally filed in state court, but was then removed to federal court. Plaintiff Eric Dickinson ("Plaintiff") filed a motion to remand the case to state court ("Motion"). After considering the parties' arguments, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff worked for Defendants Allstate Insurance Company and its subsidiary Encompass Insurance Company (collectively "Corporate Defendants") for nearly twenty-five years. (Compl. ¶¶ 1, 7.) Plaintiff was fired in 2009, and his supervisor at that time was

Defendant Eric Jentgen ("Jentgen").  (Compl. ¶ 83.)

Plaintiff alleges the following facts, among others, to support his claims against Jentgen. "Plaintiff suffered a heart attack and a sever stroke that left him paralyzed." (Compl. ¶ 14.) His health deteriorated, and he requested accommodations from Jentgen. (Compl. ¶ 19.) But instead of accommodating Plaintiff, Jentgen told him "that he was lucky to have a job and not laid off." (Compl. ¶ 21.) Jentgen would even assign Plaintiff "logistical[ly] impossib[le]" tasks. (Compl. ¶ 21.)

Based on these facts and others, Plaintiff filed this lawsuit in state court, asserting only state law claims. Three of these claims are asserted against Jentgen: (1) violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(j); (2) intentional infliction of emotional distress; and (3) defamation. (Compl. ¶¶ 79-86, 95-109.) Plaintiff alleges that Plaintiff and Jentgen are both citizens of California, which would normally defeat diversity jurisdiction. (Compl. ¶¶ 7-8.) In the Notice of Removal, Corporate Defendants argued that Jentgen, a citizen of California, was not a proper party to this lawsuit and was fraudulently joined by Plaintiff to defeat diversity jurisdiction. (*Id.* at ¶ 12.) Plaintiff disagrees, and filed this Motion seeking an order remanding this case to the California Superior Court.

**ANALYSIS**

**1.    WHETHER REMAND IS APPROPRIATE**

While Corporate Defendants acknowledge that both Plaintiff and Jentgen are California citizens, they argue that federal diversity jurisdiction is proper in this case because: (1) Jentgen is a fraudulently joined defendant, and should not be considered in establishing diversity; (2) Corporate Defendants are not California citizens; and (3) the amount in controversy exceeds $75,000. (Notice of Removal ¶¶ 8-12.) The Court finds that Corporate Defendants have failed to establish that Jentgen was fraudulently joined, and finds that federal jurisdiction is improper in this case.

Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction under Section 1332 requires that each plaintiff be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

But removal is proper despite the presence of a non-diverse defendant if that defendant is a "fraudulently joined" or "sham" defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A defendant has been fraudulently joined if the plaintiff fails to state a claim against a resident defendant, and the failure is "obvious according to the well-settled rules of the state." *United Computer Sys. V. AT&T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). A court may look beyond the pleadings to determine if a defendant is fraudulently joined, but "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *See Knutson v. Allis-Chalmers Corp.,* 358 F.Supp.2d 983, 993-95 (D.Nev. 2005) (collecting cases); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *See Burris v. AT&T Wireless, Inc.,* 2006 WL 2038040, at *2 (N.D. Cal. 2006) (citing *Nickelberry v.*

*DiamlerChrysler Corp.,* 2006 WL 997391, at *1-2 (N.D. Cal. 2006)). Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* at *2. Here, Corporate Defendants have failed to meet their burden of establishing that Jentgen was fraudulently joined.

Plaintiff brings several claims against Jentgen, including a claim of unlawful harassment under the FEHA. (Compl. ¶¶ 79-86.) Under California law, harassment consists of a type of conduct "not necessary for performance of a supervisory job" and "conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Huges Elecs.,* 46 Cal. App. 4th 55, 63 (1996). Here, Plaintiff alleges that Jentgen harassed him by assigning him increasingly difficult tasks, refusing to grant requests to reassign certain customers, misleading him with false assurances that his performance was satisfactory, and "attempting to chill [his] legitimate requests for accommodation with threats of termination." (Compl. ¶¶ 79-86.)

Even if Plaintiff did not plead facts sufficient to state a claim against Jentgen, Corporate Defendants have not established that Plaintiff could not amend his complaint and ultimately recover against Jentgen for harassment under the FEHA. Jentgen was Plaintiff's direct supervisor, and whether he acted in good faith or bad, it is clear that Jentgen played an intgral role in Plaintiff's termination from the company. A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant, and this Court cannot find that Jentgen is a fraudulently joined or sham defendant. The words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham.

Corporate Defendants argue that Plaintiff cannot maintain a harassment claim because each of the allegations against Jentgen were "personnel decisions" necessary for the performance of managerial duties. (Opp'n 11:15-26.) To support this argument Corporate Defendants submit the Declaration of Eric Jentgen, where Jentgen asserts that his conduct and discussions with Plaintiff "concerned solely business and personnel management," and were "done in [his]

4

1  managerial capacity." (Jentgen Decl. ¶ 4.) Corporate Defendants argue that the Jentgen
2  Declaration definitively establishes that Plaintiff fails to state a claim against Jentgen as a matter
3  of well-settled state law, and that Plaintiff provides no more than "conclusory labels" in the
4  claim for harassment against Jentgen. (Opp'n 4-5.) Corporate Defendants also argue that
5  Plaintiff's allegation that "at all times, each Defendant was the agent or employee of each other
6  Defendant and was acting within the course and scope of such agency and employment"
7  precludes Plaintiff from asserting a harassment claim against Jentgen. (Opp'n 11:15-22 (quoting
8  Compl. ¶ 11).) To support these arguments, Corporate Defendants cite cases in which motions
9  for remand were denied. (Opp'n 4-5, 10 (citing *McCabe,* 811 F.2d 1336; *DaCosta v. Novartis
10 AG.,* 180 F.Supp.2d 1178 (D.Or. 2001)).) But these cases are distinguishable from Plaintiff's
11 case.

12     In *McCabe,* the plaintiff's complaint explicitly stated in the claim against the defendant
13 manager that the manager's wrongful conduct was "ratified" by the defendant corporation. *See*
14 *McCabe,* 811 F.2d at 1339. The plaintiff in that case was denied leave to amend the complaint
15 and was sanctioned under Rule 11 for attempting to present facts in direct contradiction to those
16 already pled. *Id.* at 1340-41. Similarly, in *DaCosta*, a pharmaceutical sales representative was
17 deemed a fraudulent defendant in an action against a drug manufacturer since he was clearly not
18 a "manufacturer, distributor, seller or lessor," and owed no duty to the plaintiff as a matter of
19 well-settled state law. *DaCosta,* 180 F.Supp.2d at 1182. The court denied the plaintiff's motion
20 for remand after it was conclusively established that there was no way to find the alleged sham
21 defendant liable under any theory. *Id.* at 1183.

22     In contrast, Plaintiff here has alleged specific facts regarding the conduct by Jentgen in
23 his claim for harassment, and these allegations rise above the level of "conclusory statements."
24 (Compl. ¶¶ 79-86.) The Court does not find that Plaintiff has or has not stated a claim for
25 harassment. But the Court does find Defendant has not proved that Plaintiff could not amend his
26 Complaint to successfully state a claim against Jentgen. Thus, Jentgen is not a fraudulently
27 joined defendant. *See Burris,* 2006 WL 2038040 at *2 (N.D. Cal. 2006).

28     Corporate Defendants have not met their burden of establishing that Jentgen is a

5

fraudulently joined defendant and that removal to federal court is proper. *See Kruso,* 872 F.2d at 1426; *Gaus,* 980 F.2d at 566. The Motion to Remand is therefore GRANTED.

**2. WHETHER ATTORNEY FEES AND COSTS SHOULD BE AWARDED**

Plaintiff also requests an assessment of fees and costs incurred as a result of improper removal of this case against Corporate Defendants. (Mot. at 11-12.) Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While a district court has wide discretion in assessing fees pursuant to section 1447(c), attorney fees should not be awarded if an objectively reasonable basis for removal exists. *See Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson,* 201 F.3d 1212, 1215 (9th Cir. 2000); *see also Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.,* 446 F.3d 996, 999 (9th Cir. 2006). Here, despite the ultimate finding that remand is proper, the Court finds that Corporate Defendants presented a number of credible arguments to support removal. Accordingly, an award of fees and costs against Corporate Defendants is not warranted.

**DISPOSITION**

The Court GRANTS Plaintiff's motion to remand, and DENIES Plaintiff's request for costs and attorney fees. This matter is REMANDED to the California Superior Court.

IT IS SO ORDERED.

DATED: January 25, 2010

_____
Andrew J. Guilford
United States District Judge